UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV375-3-MU

| | |
|---|---|
| **KEVIN DARNELL THOMAS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **OFFICER K. ALLRED, OFFICER** ) | |
| **L. RICHARDSON, CHARLOTTE** ) | |
| **MECKELNBURG POLICE DEPT.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983. For the following reasons, Plaintiff's Complaint will be dismissed for failure to state a claim.

**I. FACTUAL BACKGROUND**

Plaintiff Kevin Darnell Thomas commenced this 42 U.S.C. § 1983 action by filing a Complaint on September 6, 2007 (Document No. 1) against Defendants Officers Allred and Richardson as well as the Charlotte Mecklenburg Police Department. In his Complaint, Plaintiff alleges that while being transported by Officer Allred subsequent to a traffic stop which lead to his arrest on charges related to possession of drug paraphernalia, he was crying and twice called Officer Allred a "racist fucker". (Complaint at 6.) Because Plaintiff was crying with mucous running down his face, some "spittle spewed forth in [Officer Allred's] direction." (Id.) After Plaintiff called him a the same name for a second time, Officer Allred stopped the car, opened the door to Plaintiff's side of the patrol car and punched Plaintiff in the mouth. Plaintiff further alleges that Officer Allred

pulled him out of the car, choked him, threw him to the ground kicking him and then sat on him while calling for backup. (Id.) Plaintiff was then taken to the hospital and seen in the emergency room by a doctor. The doctor "fe[lt] [him] once or twice and [stated] there's nothing wrong" and that he "was O.K." (Id at 7.) Plaintiff was then escorted back to the patrol car by Officers Allred and Richardson. They threw him into the car, shoving and punching him and took him to Mecklenburg County Jail.

## II. ANALYSIS

Plaintiff alleges that Officers Allred and Richardson used excessive force against him. The Supreme Court has instructed that "][i]n addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Conner, 490 U.S. 386, 394 (1989). Therefore, the first inquiry is whether Plaintiff's claim is governed by the Fourth or Fourteenth Amendment. The Fourth Amendment governs claims of excessive force during the course of an arrest, investigatory stop or other "seizure" of a person. Id. at 388. The force which Plaintiff complains took place after he was placed under arrest for possession of drug paraphernalia and at a different location than the place where he was stopped and arrested. "[A]s one lawfully arrested and being held prior to a formal adjudication of guilt" Plaintiff is adjudged in this Circuit to be a pretrial detainee. United States v. Cobb, 905 F.2d 784 (4th Cir. 1990); see also, Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997) (agreeing with the Fifth, Seventh and Eleventh Circuits that the Fourth Amendment does not embrace a theory of "continuing seizure" and does not extend to the alleged mistreatment of arrestees or pretrial detainees in custody.). Therefore, the Fourteenth Amendment will govern Plaintiff excessive force claim.

While "[i]t is fundamental that the state cannot hold and physically punish an individual

except in accordance with due process of law," the Supreme Court has stated that under the Fourteenth Amendment "there is, of course, a de minimis level of imposition with which the Constitution is not concerned." Ingraham v. Wright, 430 U.S. 651, 674 (1977). Similarly, in both the Eighth Amendment and Fourteenth Amendment contexts, the Fourth Circuit has held that a plaintiff cannot prevail on an excessive force claim if his injury is de minimus. Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994) (absent extraordinary circumstances, no Eighth Amendment excessive force claim exists where any injury sustained by the Plaintiff is de minimis); Riley. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997) ( extending Norman to excessive force of pretrial detainees). De minimis injury is evidence of de minimis force and de minimis injury defeats a prisoner's excessive force claim unless the force used was "repugnant to the conscience of mankind." Norman v. Taylor, 25 F.3d 1259, 1262-1263 (4th Cir. 1994) (en banc), cert. denied, 513 U.S. 1114 (1995).

Assuming only for the moment that Defendant Allred did use excessive force after Plaintiff called him a "racist fucker" and that Officers Allred and Robinson used excessive force against Plaintiff when putting him back in the patrol car after being seen in the emergency room, Plaintiff has not alleged any injuries as a result of the excessive force. Plaintiff complains that he was not given an adequate examination in the emergency room, but does not articulate any specific injures that he sustained as a result of the excessive force nor does he allege any ongoing, untreated injuries as a result of the excessive force.[1] Indeed, Plaintiff was released from the emergency room after being seen by a physician and told there was nothing wrong and that he was "O.K." While the Court assumes that if force was used as Plaintiff describes, Plaintiff may have been in some discomfort,

---

[1] Although the court must assume the factual allegations in the complaint are true, it need not assume that a plaintiff "can prove facts that [are] not alleged or that the defendants have violated the . . .law [] in ways that have not been alleged." Estate Constr. Co. V. Miller & Smith Holding Co., 14 F.3d 213, 221 (4th Cir. 1994).

such discomfort alone is insufficient to state a Fourteenth Amendment claim. Therefore, Plaintiff has failed to establish an excessive force claim against the Defendants.

**NOW THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint (Document No. 1) is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(A)(b)(1).

**SO ORDERED**.

Signed: September 13, 2007

Graham C. Mullen
United States District Judge